**MAYER BROWN LLP**
NANCY G. ROSS (admitted *pro hac vice*)
nross@mayerbrown.com
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 706-8140

Counsel for Defendants Advantage Sales
& Marketing LLC, the Board of Directors
of Advantage Sales & Marketing LLC, and the
Advantage 401(k) Savings Plan Administrative Committee

*Additional counsel listed on the following page.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA VALENZUELA, individually and as a representative of a class of similarly situated persons, on behalf of the ADVANTAGE 401(k) SAVINGS PLAN,<br><br>Plaintiff,<br><br>v.<br><br>ADVANTAGE SALES & MARKETING LLC; THE BOARD OF DIRECTORS OF ADVANTAGE SALES & MARKETING LLC; THE ADVANTAGE 401(K) SAVINGS PLAN ADMINISTRATIVE COMMITTEE; and DOES No. 1-20, Whose Names Are Currently Unknown,<br><br>Defendants. | Case No. 8:24-cv-00460-AB-KES<br><br>Hon. Judge André Birotte Jr.<br>Hon. Judge Karen E. Scott<br><br>**STIPULATED PROTECTIVE ORDER** |

**MAYER BROWN LLP**
E. BRANTLEY WEBB (admitted *pro hac vice*)
*bwebb@mayerbrown.com*
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3312 Facsimile: (202) 263-5312

ROSE A. LYN (SBN 335404)
*rlyn@mayerbrown.com*
333 South Grand Avenue, 47th Floor
Los Angeles, California  90071-1503
Telephone: (213) 229-9500 Facsimile: (213) 625-0248

Counsel for Defendants Advantage Sales
& Marketing LLC, the Board of Directors
of Advantage Sales & Marketing LLC, and the
Advantage 401(k) Savings Plan Administrative Committee

**MILLER SHAH LLP**
JAMES C. SHAH
*jcshah@millershah.com*
19712 MacArthur Blvd., Suite 222
Irvine, CA 92612
Telephone: (866) 540-5505 Facsimile: (866) 300-7367

JAMES E. MILLER
*jemiller@millershah.com*
LAURIE RUBINOW
*lrubinow@millershah.com*
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505 Facsimile: (866) 300-7367

ALEC J. BERIN
*ajberin@millershah.com*
1845 Walnut Street, Suite 806
Philadelphia, PA
Telephone: (866) 540-5505 Facsimile: (866) 300-7367

Counsel for Plaintiff Norma Valenzuela

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters this Stipulation and Protective Order ("Protective Order") to govern the protection of Confidential Information (as defined herein), which may be produced or otherwise disclosed during the course of the above-captioned matter (the "Action").

**Good Cause Statement:** This Action is likely to involve confidential and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, personally identifying information, information implicating the privacy rights of third parties, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this Action. It is the intent of the parties that information will not be designated under the Protective Order for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1. <u>Scope.</u> All documents produced in the course of discovery in this Action, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter

collectively "document(s)"), shall be subject to this Protective Order concerning confidential information as set forth below. This Protective Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

   2.   <u>Form and Timing of Designation.</u> A party may designate documents as confidential and restricted in disclosure under this Protective Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. Inadvertent production of any confidential document prior to its designation as confidential and restricted in disclosure in accordance with this Protective Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time. The designation CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order.

   3.   <u>Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.</u> Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney or a party appearing pro se who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are

available in the public sector may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4. <u>Redaction of Documents Designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.</u> A party may redact information in documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER but only after review of the information by an attorney who has in good faith determined that: (1) the information is of a highly sensitive nature and reflects proprietary business or personal information that the party in good faith believes the disclosure of which could result in competitive or other harm to the business or operations of the party or an individual (such as information included in Board of Directors meeting minutes and materials and specific salary or other compensation amounts of an employee); (2) the information is not related to a party's claims or defenses; and (3) it is readily apparent that the information falls within (1) and (2). Should any dispute arise under this paragraph, the Parties shall meet and confer in an attempt to resolve the dispute prior to bringing any such dispute before the Court.

5. <u>Third-Party Documents.</u> A party that receives documents from a nonparty through a subpoena ("Third-Party Documents") shall promptly notify the other parties in this Action within five (5) business days after receiving the documents. A party receiving such documents shall, within ten (10) business days of the receipt of the Third-Party Documents, provide a copy of the documents to opposing counsel in this Action. Opposing counsel shall, within thirty (30) days of the Third-Party Documents being received, advise counsel for the receiving party, in writing, if any of the Third-Party Documents are to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Protective Order. Third-Party Documents shall not be provided to any persons other than those designated by paragraph 7 of this Protective Order until either (a) such counsel is advised by opposing counsel, pursuant to this paragraph, if any of the Third-Party Documents are to receive a specific designation under this Protective Order, or (b)

thirty (30) days from the date the Third-Party Documents are received by opposing counsel, whichever occurs first. Counsel shall work in good faith to accommodate reasonable requests for extension of the "ten (10) business day" and "thirty (30) day" timeframes provided in this paragraph, due to the particular format or volume of the Third-Party Documents being furnished. A nonparty producing any Third-Party Documents also shall be permitted to designate any such documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, provided they qualify for such designation as if made by a party under paragraph 3 of this Protective Order. Any documents so designated shall be treated the same under this Protective Order as if the designation were made by a party.

6. <u>Depositions.</u> Deposition testimony and exhibits shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER at the time of the deposition, or shall be designated by written notice to all parties of record within sixty (60) days after delivery of the final transcript of the deposition by the court reporter. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until sixty (60) days after delivery of the final transcript by the court reporter. Within sixty (60) days after delivery of the final transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Protective Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition. When deposition testimony is designated as CONFIDENTIAL –

1  SUBJECT TO PROTECTIVE ORDER at a deposition, or when an exhibit is
2  designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER before or
3  at a deposition, the designating party may exclude from the deposition all persons
4  other than those to whom the designated information may be disclosed under
5  paragraph 7 of this Protective Order. Any party may mark a document designated as
6  CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER as a deposition exhibit,
7  provided that the deposition witness is one to whom the exhibit may be disclosed
8  under paragraph 7 of this Protective Order and the exhibit and related transcript pages
9  receive the same confidentiality designation as the original designated document.

10       7.    <u>Protection of Confidential Material.</u>

11            a.    <u>General Protections.</u>  Documents designated
12  CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this
13  Protective Order shall not be used or disclosed by the parties, counsel
14  for the parties or any other persons identified in paragraph 7(b) for any
15  purpose whatsoever other than to prepare for and to conduct discovery,
16  hearings and trial in this Action, including any appeal thereof.

17            b.    <u>Limited Third-Party Disclosures.</u> The parties and counsel
18  for the parties shall not disclose or permit the disclosure of any
19  CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents
20  to any third person or entity except as set forth in subparagraphs 1–9.
21  Subject to these requirements, the following categories of persons may
22  be allowed to review documents that have been designated
23  CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

24                 1.    <u>Counsel.</u> Counsel for the parties and employees of
25            counsel who have responsibility for the preparation and trial of
26            the Action;

27                 2.    <u>Parties.</u> Parties and employees of a party to this
28            Protective Order but only to the extent counsel determines that

the specifically named individual party or employee's assistance is reasonably necessary to the conduct of this litigation in which the information is disclosed.

3. <u>Court Reporters and Recorders.</u> Court reporters and recorders engaged for depositions;

4. <u>Contractors.</u> Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

5. <u>Witnesses at Depositions, Hearings, or Trial.</u> Except as otherwise provided in sub-paragraph 6, witnesses in this Action, but only for purposes of a witness's testimony or preparation of the witness's testimony in this action, whether at trial, hearing, or deposition, and any disclosed documents may not be retained by the witness;

6. <u>Consultants and Experts.</u> Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this Action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7. <u>Author or Recipient.</u> Any person that was the author or a recipient of a document, or any person that was present or participated in a meeting or discussion of the document before it was produced in this Action, but only with respect to that specific document;

8. <u>Former Employees.</u> Any former employee of a party to this action that has a legitimate need to see the information in connection with assisting counsel in preparing the Action for trial or settlement; and

9. <u>Others by Consent.</u> Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c. <u>Control of Documents.</u> Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Protective Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Protective Order for a period of six years from the date of signing.

d. <u>Copies.</u> Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Protective Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose

the substance of the confidential information contained in those documents.

8. <u>Filing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents With the Court.</u> Any party seeking to file under seal any pleading, written discovery, or other paper containing, incorporating, attaching, or referring to discovery material that is designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall follow Local Civil Rule 79-5 and any other applicable local rules or orders of this Court.

9. <u>No Greater Protection of Specific Documents.</u> No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the party moves for an order providing such special protection.

10. <u>Challenges by a Party to Designation as Confidential.</u> Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty (hereafter "party"). The following procedure shall apply to any such challenge.

    a. <u>Objection to Confidentiality.</u> Any party many challenge a CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation or the refusal to produce a document on the ground of such designation, at any time that is consistent with any waiver, agreement, or order of the Court applicable in this Action. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

b. <u>Obligation to Meet and Confer.</u> Consistent with Local Rule 37-1, the objecting party and the party who designated the documents to which objection has been made shall have ten (10) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

c. <u>Obligation to File Motion.</u> If the parties cannot reach agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the designating party shall file with the Court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made.

11. <u>Court Not Bound By Parties' Designation.</u> Nothing in this Protective Order or any Action or agreement of a party under this Protective Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery, filed with the Court, or used during any hearing or at trial.

12. <u>Use of Confidential Documents or Information at Hearing or Trial.</u> A party who intends to present or anticipates that another party may present at any hearing or at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the

information, in a pre-hearing or pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

13. <u>Obligations on Conclusion of Litigation.</u>

   a. <u>Order Remains in Effect.</u> Unless otherwise agreed or ordered, the terms of this Protective Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Protective Order after dismissal or entry of final judgment shall be by separate legal Action and not by motion for contempt or other relief filed in this Action.

   b. <u>Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.</u> Within thirty days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective Order, including copies as defined in paragraph 7(d), unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall

continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

      c.    <u>Deletion of Documents Filed under Seal from ECF System.</u> Filings with the Court under seal shall remain in the ECF system and not be deleted except by order of the court.

14.    <u>Order Subject to Modification.</u> This Protective Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Protective Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

15.    <u>No Prior Judicial Determination.</u> This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16.    <u>Persons Bound.</u> This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Protective Order by its terms.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | | |
|---|---|---|
| Dated: February 26, 2025 | | **MAYER BROWN LLP** |

By: */s/ E. Brantley Webb*
    E. Brantley Webb

E. Brantley Webb (admitted *pro hac vice*)
*bwebb@mayerbrown.com*
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3312
Facsimile: (202) 263-5312

Nancy G. Ross (admitted *pro hac vice*)
*nross@mayerbrown.com*
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 706-8140

Rose A. Lyn (SBN 335404)
*rlyn@mayerbrown.com*
333 South Grand Avenue, 47th Floor
Los Angeles, California  90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Counsel for Defendants Advantage Sales & Marketing LLC, the Board of Directors of Advantage Sales & Marketing LLC, and the Advantage 401(k) Savings Plan Administrative Committee

Dated:  February 26, 2025          **MILLER SHAH LLP**

By: */s/ James C. Shah*
James C. Shah
*jcshah@millershah.com*
19712 MacArthur Blvd., Suite 222
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

James E. Miller
*jemiller@millershah.com*
Laurie Rubinow (admitted *pro hac vice*)
*lrubinow@millershah.com*
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

Alec J. Berin
*ajberin@millershah.com*
1845 Walnut Street, Suite 806
Philadelphia, PA
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

Counsel for Plaintiff Norma Valenzuela

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: Feburary 27, 2025

*Karen E. Scott*
Hon. Karen E. Scott
United States Magistrate Judge

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4**

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that authorization for the filing of this document has been obtained from the other signatories shown above and that the signatories have authorized placement of their electronic signatures on this document.

By: /s/ E. Brantley Webb
E. Brantley Webb

# ATTACHMENT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby declares under penalty of perjury as having read the Protective Order dated _____ in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate the undersigned to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court or for other relief under the Protective Order agreement. The undersigned hereby appoints _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State Where Sworn and Signed: _____

Signature: _____

Printed Name: _____