1

2 **MILLER SHAH LLP**
JAMES C. SHAH (SBN 260435)

3 jcshah@millershah.com
19712 MacArthur Blvd., Suite 222

4 Irvine, CA 92612
Telephone: (866) 540-5505

5 Facsimile: (866) 300-7367

6
*Counsel for Plaintiff*

7
*Additional counsel on signature page.*

8

9 **IN THE UNITED STATES DISTRICT COURT**

10 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11 NORMA VALENZUELA, individually | Case No. 8:24-CV-00460-AB-KES
and as a representative of a class of

12 similarly situated persons, on behalf of
the ADVANTAGE 401(k) SAVINGS

13 PLAN, | **NOTICE OF MOTION AND**
**MOTION FOR PRELIMINARY**

14 Plaintiff, | **APPROVAL OF CLASS ACTION**
**SETTLEMENT; MEMORANDUM**

15 v. | **OF POINTS AND AUTHORITIES**
**IN SUPPORT THEREOF**

16 ADVANTAGE SALES &
MARKETING LLC; THE BOARD OF

17 DIRECTORS OF ADVANTAGE
SALES & MARKETING LLC; THE | Judge: Hon. André Birotte Jr.

18 ADVANTAGE 401(k) SAVINGS
PLAN ADMINISTRATIVE | Action Filed: March 4, 2024

19 COMMITTEE; and DOES No. 1-20,
Whose Names are Currently Unknown,

20
Defendants.

21

22

23

24

25

26

27

28

**TO THE CLERK AND ALL COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE THAT** on October 3, 2025 at 10:00 a.m., or as soon thereafter as this Motion may be heard, in Courtroom 7B of this Court, located at 350 West First Street, Los Angeles, California 90012, before the Honorable André Birotte Jr., Plaintiff, Norma Valenzuela ("Plaintiff"), on behalf of the Advantage 401(k) Savings Plan ("Plan") and a proposed Class ("Class") of participants and beneficiaries in the Plan, will and hereby does move the Court, under Federal Rule of Civil Procedure 23, for preliminary approval of a partial settlement, which would resolve Plaintiff's claim that Defendant Advantage Sales & Marketing LLC and its appointed fiduciaries caused the Plan to pay excessive fees for recordkeeping and administrative services (the "Recordkeeping Claim").

      This motion is based on this Notice of Motion and Motion for Preliminary Approval, the Memorandum of Points and Authorities, all pleadings and papers on file in this action, all matters of which this Court may take judicial notice, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to any hearing on this motion.

Dated: September 2, 2025

Respectfully submitted,

**MILLER SHAH LLP**

By: /s/ *James C. Shah*
      James C. Shah

James C. Shah
jcshah@millershah.com
19712 MacArthur Blvd., Suite 222
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com

1
2
3
4
5
6

7
8
9
10
11

James E. Miller
jemiller@millershah.com
Laurie Rubinow
lrubinow@millershah.com
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

Alec J. Berin
ajberin@millershah.com
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: ajberin@millershah.com

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Counsel for Plaintiff, the Plan, and the
Proposed Class*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................1

INTRODUCTION ..................................................................................................1

BACKGROUND ....................................................................................................2

ARGUMENT ..........................................................................................................5

    I.      The Proposed Settlement Class Should be Certified ..........................5

          A.       The Settlement Class Satisfies Rule 23(a) ................................5

          B.       The Proposed Settlement Class Satisfies Rule 23(b)(1) ..........10

          C.       Miller Shah Should be Appointed as Class Counsel ...............13

    II.     The Settlement Warrants Preliminary Approval................................14

          A.       The Settlement Should be Preliminarily Approved................14

          B.       The Notice Plan Should be Preliminarily Approved ..............16

          C.       The Plan of Allocation Should be Preliminarily Approved................................................................................17

CONCLUSION ......................................................................................................18

LOCAL RULE 7-3 STATEMENT........................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997) ..................................................................................5, 10

*Bailey v. Verso Corp.,*
   337 F.R.D. 500 (S.D. Ohio 2021) .................................................................9

*Barcenas v. Rush Univ. Medical Ctr.,*
   No. 22-cv-00366, Dkt. 73 (N.D. Ill. Jan. 19, 2023)...................................18

*Beach v. JPMorgan Chase Bank, N.A.,*
   2019 WL 2428631 (S.D.N.Y. June 11, 2019) .........................................8, 9

*Brieger v. Tellabs, Inc.,*
   245 F.R.D. 345 (N.D. Ill. 2007)............................................................12, 13

*Campbell v. Facebook, Inc.,*
   951 F.3d 1106 (9th Cir. 2020)......................................................................15

*Churchill Village, L.L.C. v. Gen. Elec.,*
   361 F.3d 566 (9th Cir. 2004)........................................................................16

*Clark v. Duke Univ.,*
   2018 WL 1801946 (M.D.N.C. Apr. 13, 2018) .......................................6, 11

*Cunningham v. Cornell Univ.,*
   2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) ...................................6, 7, 11, 12

*Eisen v. Carlisle & Jacquelin,*
   417 U.S. 156 (1974) ....................................................................................16

*Etter v. Allstate Ins. Co.,*
   2018 WL 5761755 (N.D. Cal. May 30, 2018) ............................................16

*Evon v. Law Offices of Sidney Mickell,*
   688 F.3d 1015 (9th Cir. 2012)........................................................................5

*Franco-Gonzales v. Napolitano,*
2011 WL 11705815 (C.D. Cal. Nov. 21, 2011)...............................................5

*Hanon v. Dataproducts Corp.,*
976 F.2d 497 (9th Cir. 1992)..........................................................................7

*Harris v. Palm Springs Alpine Estates, Inc.,*
329 F.2d 909 (9th Cir. 1964)..........................................................................5

*Hefler v. Wells Fargo & Co.,*
2018 WL 6619983 (N.D. Cal. Dec. 18, 2018)...............................................17

*In re Citigroup Pension Plan ERISA Litig.,*
241 F.R.D. 172 (S.D.N.Y. 2006) .............................................................10, 11

*In re Hyundai & Kia Fuel Econ. Litig.,*
926 F.3d 539 (9th Cir. 2019)………………………………………..…….…15

*In re Nexus 6P Prods. Liab. Litig.,*
2019 WL 6622842 (N.D. Cal. Nov. 12, 2019) .............................................18

*In re Northrop Grumman Corp. ERISA Litig.,*
2011 WL 3505264 (C.D. Cal. Mar. 29, 2011) ...............................................12

*In re Syncor ERISA Litig.,*
516 F.3d 1095 (9th Cir. 2008)........................................................................14

*Jacobs v. Verizon Comm's Inc.,*
2020 WL 4601243 (S.D.N.Y. June 1, 2020) .................................................12

*Johnson v. Serenity Transp., Inc.,*
2021 WL 3081091 (N.D. Cal. July 21, 2021)..........................................15, 16

*Kanawi v. Bechtel Corp.,*
254 F.R.D. 102 (N.D. Cal. 2008).........................................................*passim*

*Lauderdale v. NFP Ret., Inc.,*
2022 WL 1599916 (C.D. Cal. Feb. 16, 2022)................................................11

*Leber v. Citigroup 401(k) Plan Inv. Comm.,*
323 F.R.D. 145 (S.D.N.Y. 2017) .........................................................8, 9, 11, 12

*Mass. Mut. Life Ins. Co. v. Russell*,
  473 U.S. 134 (1985)..................................................................................8

*Moreno v. Deutsche Bank et al.*,
  2017 WL 3868803 (S.D.N.Y. September 5, 2017).........................................12

*Mullane v. Central Hanover Bank and Trust Co.*,
  339 U.S. 306 (1950)................................................................................16

*Munro v. Univ. of Southern California*,
  2019 WL 7842551 (C.D. Cal. Dec. 20, 2019) ...........................................10

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999)................................................................................12

*Peters v. Nat'l R.R. Passenger Corp.*,
  966 F.2d 1483 (D.C. Cir. 1992) .........................................................16, 17

*Sacerdote v. New York Univ.*,
  2018 WL 840364 (S.D.N.Y. Feb. 13, 2018)...........................................7, 11

*Slezak v. City of Palo Alto*,
  2017 WL 2688224 (N.D. Cal. June 22, 2017) ...........................................15

*Surowitz v. Hilton Hotels Corp.*,
  383 U.S. 363 (1966)..................................................................................9

*Tadepalli v. Uber Techs., Inc.*,
  2015 WL 9196054 (N.D. Cal. Dec. 17, 2015)...........................................14

*Tatum v. R.J. Reynolds Tobacco Co.*,
  254 F.R.D. 59 (M.D.N.C. 2008) ....................................................7, 12, 13

*Terraza v. Safeway Inc.*,
  No. 16-cv-03994-JST, Dkt. 268 (N.D. Cal. Sept. 8, 2020) ........................18

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
  2017 WL 2655678 (C.D. Cal. June 15, 2017) ...........................................12

*Urakhchin v. Allianz Asset Mgt. of Am., L.P.*,
  2018 WL 3000490 (C.D. Cal. Feb. 6, 2018)..................................................14

*Viceral v. Mistras Grp., Inc.*,
  2016 WL 5907869 (N.D. Cal. Oct. 11, 2016)..............................................15

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ...........................................................................5, 6, 11

*West v. Cont'l Auto., Inc.*,
  2017 WL 2470633 (W.D.N.C. June 7, 2017) ...................................................9

*Wolin v. Jaguar Land Rover N. Am., LLC*,
  617 F.3d 1168 (9th Cir. 2010)...........................................................................5, 6

**Statutes**

29 U.S.C. § 1001 ...........................................................................................1

29 U.S.C. § 1104 .......................................................................................2, 6

29 U.S.C. § 1109 .......................................................................................2, 8

29 U.S.C. § 1132 .......................................................................................2, 8

**Rules**

Fed. R. Civ. P. 23 ..........................................................................*passim*

Fed. R. Civ. P. 23(a) ......................................................................*passim*

Fed. R. Civ. P. 23(b) ..............................................................10, 11, 16

Fed. R. Civ. P. 23(c) ..............................................................................16

Fed. R. Civ. P. 23(e) ......................................................................13, 14, 16

Fed. R. Civ. P. 23(g) ......................................................................9, 10, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Norma Valenzuela ("Plaintiff"), on behalf of the Advantage 401(k) Savings Plan ("Plan") and a proposed Class ("Class") of participants and beneficiaries in the Plan, hereby moves ("Preliminary Approval Motion") the Court pursuant to Federal Rules of Civil Procedure 23 for entry of an Order that: (1) preliminarily approves the Settlement Agreement with Defendant Advantage Sales & Marketing LLC d/b/a Advantage Solutions ("Advantage") and the Advantage 401(k) Savings Plan Administrative Committee ("Committee") (collectively, "Defendants" and with Plaintiff, the "Parties"); (2) preliminarily certifies the proposed Settlement Class; (3) approves the proposed notice plan ("Notice Plan") in the Settlement Agreement and proposed Preliminary Approval Order; and (4) sets a final approval hearing on a date convenient for the Court at least 140 calendar days after the entry of a preliminary approval order. The Parties have conferred and Plaintiff is authorized to represent that Defendants do not oppose this Motion.[1]

# INTRODUCTION

The Parties have agreed to a proposed settlement ("Settlement") to partially resolve this putative class action lawsuit (the "Action"), brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* In this action, Plaintiff asserts two principal claims. First, Plaintiff claims that Defendants caused the Plan to pay excessive expenses for recordkeeping and administrative services (the "Recordkeeping Claim"). Second, Plaintiff claims that Defendants failed to appropriately monitor the Plan's investments and retained an imprudent investment in the Plan (the "Investment Claim"). The Settlement would resolve the Recordkeeping Claim for meaningful monetary and non-monetary relief and contemplates that the parties will continue litigating the Investment Claim.

Specifically, the Settlement would result in the establishment of a common fund of

---

[1] A Proposed Preliminary Approval Order is attached as Exhibit C to the Settlement Agreement.

$125,000 and the completion of a request for proposal for the Plan's recordkeeping services before the end of 2026 to address the allegations underlying the Recordkeeping Claim. Based on the meaningful relief provided by the Settlement relative to risks and costs of pursuing further litigation of the Recordkeeping Claim, Plaintiff and Class Counsel believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Parties agreed to the Settlement after the Court's resolution of Defendants' motion to dismiss, disclosures and document productions by each party, and negotiation by experienced counsel. Resolving the Action at this junction allows the Parties to avoid continued and costly litigation that would deplete resources and that could result in a recovery less than the Settlement provides, or no recovery at all.

For the reasons discussed herein, all prerequisites for preliminary approval of the Settlement and certification of the proposed Settlement Class are satisfied. Thus, Plaintiff respectfully submits that the Motion should be granted, and notice should be provided to the Settlement Class.

## BACKGROUND

Plaintiff brought this class action lawsuit on behalf of the Plan and its participants and beneficiaries pursuant to ERISA §§ 404, 409, and 502, 29 U.S.C. §§ 1104, 1109, and 1132. ERISA is a federal statute that establishes certain standards, including duties of prudence and loyalty, which apply to fiduciaries responsible for the management and administration of qualified private employee benefit plans. ERISA also imposes certain responsibilities on fiduciaries to monitor co-fiduciaries and others involved in the management and administration of such plans.

Plaintiff commenced this action on March 4, 2024. (ECF No. 1). Defendant moved to dismiss the Complaint in its entirety on May 23, 2024 ("Motion to Dismiss"). (ECF No. 21). Plaintiff opposed the Motion to Dismiss on August 30, 2024. (ECF No. 26). Defendant replied in further support of its Motion on September 6, 2024. (ECF No. 28). Following oral argument, the Court issued its Order on November 18, 2024, granting in part and denying in part the Motion to Dismiss. (ECF No. 36). With the exception of

Plaintiff's claim for prospective relief, the Court permitted all of Plaintiff's other claims to proceed on the basis that Plaintiff adequately alleged flawed processes with regard to the Plan's recordkeeping and administrative expenses and the imprudent retention of the Franklin Fund in the Plan. Defendant filed its Answer on December 20, 2024. (ECF No. 41). On January 6, 2025, the parties stipulated to dismiss the Board and the Committee, and their respective individual members who served during the Class Period, in exchange for Advantage's agreement to satisfy any final monetary judgment entered based on the conduct of those defendants. (ECF No. 42). On January 15, 2025, the Court entered an order approving the Notice of Lodging filed regarding the joint stipulation to dismiss these defendants from the action. (ECF Nos. 45, 46).

After exchanging initial written discovery, the parties agreed, with the Court's approval, to stay all proceedings and deadlines pending mediation. On June 23, 2025, the Parties participated in a private mediation session with Robert A. Meyer, Esq. of JAMS. In advance of the mediation, the Parties submitted and exchanged detailed mediation statements. The mediation resulted in an agreement in principle to resolve the Recordkeeping Claim, which the parties reported to the Court on July 11, 2025. (*See* ECF No. 52). The Parties have not reached an agreement to resolve the Investment Claim. Since notifying the Court of the Settlement, the Parties have diligently worked to document the terms of their agreement in the Settlement Agreement.

The Settlement provides that, in exchange for dismissal of the action and a release of claims, Defendants will pay the aggregate amount of $125,000 into a Qualified Settlement Fund to be allocated to Current Participants, Former Participants, Beneficiaries, and Alternate Payees of the Plan pursuant to the Plan of Allocation, and provide certain non-monetary relief aimed at strengthening the Plan's fiduciary process. *See* Declaration of James C. Shah ("Shah Decl."), Ex. 1 (Settlement Agreement), at §§ 1.28, 4.4–4.5, 5.2–5.6. The Settlement Agreement and the proposed Preliminary Approval Order set forth the Notice Plan and describe Plaintiff's anticipated requests for payment of attorneys' fees to Class Counsel and for a case contribution award, subject to the Court's approval. *See id.*

at §§ 1.4, 1.10, 5.2.1–5.2.2, 6.1.  In addition, the Settlement Agreement provides for an Independent Fiduciary to approve the Settlement on behalf of the Plan.  *See id.* at § 2.1.

The Parties respectfully request that the Court schedule a Fairness Hearing, at or after which the Court will be asked to determine whether the Settlement is fair, reasonable, and adequate, and whether it merits final approval.  Plaintiff proposes the following schedule:

| Event | Proposed Deadline |
|---|---|
| Preliminary approval hearing | October 3, 2025 at 10:00 a.m. or the Court's earliest convenience |
| Distribute Settlement Notice | Within 30 calendar days of entry of Preliminary Approval |
| Settlement Administrator to establish website and toll-free phone number | Within 30 calendar days of entry of Preliminary Approval |
| Filing of Motion for Final Approval and fee request | 45 calendar days before the Fairness Hearing |
| Independent Fiduciary Report | No later than 45 calendar days before the Fairness Hearing |
| Filing of objections | At least 30 calendar days before the Fairness Hearing |
| Fairness Hearing | No sooner than 140 calendar days after filing Preliminary Approval Motion |

# ARGUMENT

## I.    The Proposed Settlement Class Should be Certified

### A.    The Settlement Class Satisfies Rule 23(a)

Certification of a settlement class is appropriate when the proposed class and proposed class representative meet the four requirements of Rule 23(a): (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Plaintiff and the proposed Settlement Class for resolving the Recordkeeping Claim satisfy each of the Rule 23(a) prerequisites.

#### 1.    Numerosity

The numerosity element of Rule 23 requires that a putative class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability is not impossibility, and instead refers only to the 'difficulty or inconvenience of joining all members of the class.'" *Franco-Gonzales v. Napolitano*, 2011 WL 11705815, at *6 (C.D. Cal. Nov. 21, 2011) (finding that this factor was "easily satisfied" with 2,766 vested plan participants) (citing *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964)). While no specific number is needed to maintain a class action, "district courts in this Circuit have found that classes with as few as 39 members met the numerosity requirement." *Id.* Here, the Plan had tens of thousands of participants and beneficiaries at all times during the Class Period, easily satisfying the numerosity requirement. *See* Shah Decl. ¶ 4.

#### 2.    Commonality

The commonality factor requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality involves "the capacity of a class[-]wide proceeding to generate common answers apt to drive resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (internal quotations omitted). This occurs when there is at least one common question, the determination of which "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350. Courts in this Circuit find "The existence of shared legal issues with divergent factual predicates is

sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (internal quotation marks and citation omitted). Ultimately, commonality only asks the court to look "for some shared legal issue or common core of facts" and "requires the plaintiff to demonstrate the class members have suffered the same injury." *Id.* (citing *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012)).

Plaintiff alleges Defendants breached fiduciary duties owed to the Plan under ERISA § 404 and brings this action in a representative capacity under ERISA §§ 409 and 502(a)(2). Plaintiff is "bringing suit on behalf of participants in the Plan [], the centralized administration of which is common to all class members." *Cunningham v. Cornell Univ.*, 2019 WL 275827, at *5 (S.D.N.Y. Jan. 22, 2019). "Because the fiduciary duties are owed to the [Plan] . . . common questions of law and fact are central to the case." *Id.*; *see* 29 U.S.C. § 1104(a)(1) ("[A] fiduciary shall discharge his duties with respect to a plan.") (emphasis added).

The central questions with respect to the Recordkeeping Claim in this Action are common to all Plan participants and include, inter alia: (i) whether Defendants breached their fiduciary duties by failing to appropriately monitor the Plan's recordkeeping and administrative services; (ii) whether the Plan suffered resulting losses; (iii) the manner in which to calculate the Plan's losses; and (iv) what equitable relief, if any, is appropriate in light of these alleged breaches. *See Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 109 (N.D. Cal. 2008) (finding commonality where injury stemmed from whether defendants breached their fiduciary duties to the Plan); *see also Clark v. Duke Univ.*, 2018 WL 1801946, at *5 (M.D.N.C. Apr. 13, 2018). Although a single common question is satisfactory to meet the standard, the common questions here are numerous. *See Wal-Mart*, 564 U.S. at 459. As in *Kanawi* and *Clark*, Plaintiff's claims and each putative Class member's claims are based on the same events and legal theory, *i.e.*, breaches of fiduciary duty stemming from Defendants' causing the Plan to pay excessive recordkeeping and administrative services expenses, along with the Plaintiff's remedial theory, which is identical for the named

Plaintiff and the proposed Class members. Since the central allegations here concern Defendants' administration and monitoring of the Plan, they are common to all Plan participants who are empowered to bring an action on behalf of the Plan. *See Kanawi*, 254 F.R.D. at 109.

### 3.    Typicality

The typicality prerequisite of Rule 23 requires that the claims of the representative plaintiffs be typical of the claims of the class. *See* Fed. R. Civ. P. 23(a)(3). Typicality is met when "other members have the same or similar injury . . . the action is based on conduct which is not unique to the named plaintiffs, and . . . other class members have been injured by the same course of conduct." *See Kanawi*, 254 F.R.D. at 110 (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted)). Like commonality, typicality is a "permissive" standard and "the focus should be on the defendants' conduct and plaintiff's legal theory, not the injury caused to the plaintiff." *Id.* Since claims under ERISA § 502(a)(2) are inherently representative claims, any participant's claim is necessarily typical of the claims of the Class—this is because every participant is asserting the Plan's claim. Indeed, Plaintiff brought this action on behalf of the Plan, such that "[a]ny recovery of lost benefits will go to the Plan and will be held, allocated, and ultimately distributed in accordance with the requirements of the Plan and ERISA." *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 66 (M.D.N.C. 2008). Courts routinely find a participant's fiduciary breach claim to be typical of the claims of all participants in a plan. *See Cunningham*, 2019 WL 275827, at *7 (typicality requirement met where plaintiffs "sufficiently alleged that the defendants' failure to manage the Plans affected all proposed members of the class."); *Sacerdote v. New York Univ.*, 2018 WL 840364, at *3 (S.D.N.Y. Feb. 13, 2018) (noting that analysis of the typicality factor is similar to the commonality analysis and finding because "[e]ach named plaintiff is asserting a claim on behalf of the Plans . . . [t]he adjudication of the breach of fiduciary duty claims will not turn on any individual class member's circumstance."); *Kanawi*, 254 F.R.D. at 110 (typicality met for fiduciary breach claims because "[n]one of the facts or

legal claims are unique to the named Plaintiffs[]" since "[t]he complaint is based on allegations and recovery that address the Plan as a whole, not individual claimants"). The circumstances in this action, in which Plaintiff alleges breaches of fiduciary duty arising out of Defendants' management and administration of the Plan, are no exception.

Like the other proposed Settlement Class members, Plaintiff participated in the Plan and allegedly suffered injuries because of Defendant's alleged mismanagement of the Plan—particularly, for purposes of this Motion, related to Defendants' monitoring of the Plan's recordkeeping and administrative services arrangement. Defendant treated Plaintiff in the same manner as other Settlement Class members and managed the Plan as a single entity. Accordingly, Plaintiff asserts that her claims and the claims of all Settlement Class members arise out of the same alleged conduct, policies, and practices of Defendant, and all members of the Settlement Class have been similarly affected by Defendant's allegedly wrongful conduct. Plaintiff does not assert any legal theories different from or conflicting with those of the proposed Settlement Class.

### 4. Adequacy

Representative plaintiffs must also show that they will "fairly and adequately protect the interests of this class." Fed. R. Civ. P. 23(a)(4). This inquiry analyzes "whether any conflicts of interest exist between the named Plaintiffs' counsel will adequately protect the interests of the class." *Kanawi*, 254 F.R.D. at 109.

Plaintiff's interests are closely aligned with all other members of the proposed Class by virtue of the very nature of the claims she brings. Plaintiff, acting in a representative capacity, seeks to enforce the duties that Defendants owed to the Plan and to recover the damages and equitable relief due to the Plan. *See* 29 U.S.C. § 1109(a), 1132(a)(2); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985). "The general rule that there is 'a relatively low likelihood of intra-class conflicts in cases of excessive fee claims' because the recovery is to the Plan, not to individual Plaintiffs, holds true here." *Beach v. JPMorgan Chase Bank, N.A.*, 2019 WL 2428631, at *8 (S.D.N.Y. June 11, 2019) (quoting *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 164 (S.D.N.Y. 2017)); *see*

*also Kanawi*, 254 F.R.D. at 111.  Since Plaintiff is pursuing claims on behalf of the Plan, there are no conflicts between Plaintiff's individual interests and the interests of the proposed Class.

A class representative needs only a basic understanding of the claims and a willingness to participate in the case, requirements that Plaintiff wholly surpasses.  *See Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966).  Plaintiff has demonstrated full commitment to pursuing this action on behalf of a proposed Settlement Class, the result of which does not favor any specific member of the Settlement Class at the expense of others. *See* Shah Decl., Ex. 1 (Settlement Agreement), at Ex. B (Plan of Allocation (reflecting *pro rata* distribution to Settlement Class members).  Additionally, Plaintiff has been actively involved in every stage of litigation.  *See id.* ¶ 3; *see also West v. Cont'l Auto., Inc.*, 2017 WL 2470633, at *2 (W.D.N.C. June 7, 2017) ("Plaintiffs have demonstrated a willingness to prosecute the claims through participation in the discovery process.").  Plaintiff has retained qualified and competent counsel, whose adequacy is detailed below.  *See Bailey v. Verso Corp.*, 337 F.R.D. 500, 507 (S.D. Ohio 2021), *judgment entered*, No. 3:17-cv-332, 2021 WL 5815727 (S.D. Ohio Dec. 6, 2021) (finding that the adequacy requirement satisfied by class counsel who were "experienced ERISA litigators" and had "administered the settlement of numerous retiree-benefit class actions").

As to the second inquiry, Class Counsel's experience and demonstrated competency render them more than adequate.  Courts evaluating the adequacy of class counsel under Rule 23(a)(4) consider the Rule 23(g) factors, including: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.  *See* Fed. R. Civ. P. 23(g).

Plaintiff engaged Miller Shah LLP ("Miller Shah") to represent her and strongly pursue this Action on behalf of the proposed Settlement Class.  Miller Shah is exceedingly qualified, capable, and has significant experience litigating complex class actions,

including ERISA actions, in this District and across the country. *See* Shah Decl. ¶ 5. Miller Shah has pursued and protected the interests of the Settlement Class, as evidenced by its advancement of this case, including the filing of multiple detailed and comprehensive pleadings, briefing and litigating of a motion to dismiss and motion to amend, discovery efforts, and negotiation of the Settlement. Miller Shah has and will continue to commit the necessary resources to pursue the best outcome for the proposed Settlement Class. *See id.* Thus, Miller Shah satisfies the requirement of Rule 23(g) and should be appointed as Class Counsel.

**B.    The Proposed Settlement Class Satisfies Rule 23(b)(1)**

In addition to satisfying the requirements of Rule 23(a), Plaintiffs need only satisfy one subsection of Rule 23(b). *See Amchem*, 521 U.S. at 613–14. Actions under Sections 409 and 502(a)(2) of ERISA for breach of fiduciary duty present a "paradigmatic example" of a Rule 23(b)(1) class. *Kanawi*, 254 F.R.D. at 111–12; *see also Munro v. Univ. of Southern California*, 2019 WL 7842551, at *10 (C.D. Cal. Dec. 20, 2019) ("Certification under Rule 23(b)(1) is particularly appropriate in cases involving ERISA fiduciaries who must apply uniform standards to a large number of beneficiaries.") (citations omitted).

**1.    The Settlement Class Satisfies the requirement of Rule 23(b)(1)(A)**

Rule 23(b)(1)(A) applies to "cases where the party is obligated by law to treat the members of the class alike[.]" *Amchem*, 521 U.S. at 614 (internal quotations and citation omitted); *see also* Fed. R. Civ. P. 23, Adv. Comm. Note, 1966 amend., sub. (b)(1)(A) ("One person may have rights against, or be under duties toward, numerous persons constituting a class, and be so positioned that conflicting or varying adjudications in lawsuits with individual members of the class might establish incompatible standards to govern his conduct."). "The language of subdivision (b)(1)(A), addressing the risk of 'inconsistent adjudications,' speaks directly to ERISA suits, because the defendants have a statutory obligation, as well as a fiduciary responsibility, to 'treat the members of the class alike." *In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 179 (S.D.N.Y. 2006) (internal alterations omitted). Plaintiff alleges that Defendants breached their fiduciary duties in the

management and administration of the Plan with respect to the Recordkeeping Claim—"if this is the case, that duty was breached as to all plaintiffs." *Sacerdote*, 2018 WL 840364, at *6 (emphasis in original).  Indeed, allowing tens of thousands of individual Settlement Class members to pursue an action on behalf of the Plan could result in varying adjudications over whether Defendants: (a) breached their duties and committed other violations of ERISA with respect to the Recordkeeping Claim; (b) are liable for any breaches; and (c) how to measure damages to the Plan and accord any other relief to which the plan is entitled.  *See Lauderdale v. NFP Ret., Inc.*, 2022 WL 1599916, at *7 (C.D. Cal. Feb. 16, 2022) (the Court found Rule 23(b)(1)(A) class certification to be appropriate because "[a]llowing individual suits to proceed would create a risk of 'inconsistent and varying' adjudications, resulting in 'incompatible standards of conduct' for Defendants." (citing *Kanawi*, 254 F.R.D. at 111)); *see also Clark*, 2018 WL 1801946, at *9 ("Separate actions over whether the defendants' investment procedures and management methods violated their fiduciary duties could result in decisions that place incompatible requirements on the defendants in terms of either the losses that defendants would have to pay back to the Plan, or the requirements for obtaining future Plan services, or both.").

### 2.    The Settlement Class Satisfies the requirement of Rule 23(b)(1)(B)

"Rule 23(b)(1)(B) covers class action suits in which 'individual adjudications as a practical matter[] would be dispositive of the interests of the other members not parties to individual actions." *Cunningham*, 2019 WL 275827 at *7 (quoting *Wal-Mart*, 564 U.S. at 361 n.11).  "[A]n action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders of beneficiaries, and which requires an accounting or like measures to restore the subject of the trust" is a typical Rule 23(b)(1)(B) action.  Fed. R. Civ. P. 23, Adv. Comm. Note, 1966 amend., sub. (b)(1)(B); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 (1999) (quoting Advisory Committee Note); *see also Leber*, 323 F.R.D. at 165 ("[ERISA] creates a 'shared' set of rights among the plan participants by imposing duties on the fiduciaries relative to the plan, and it even structures relief in terms of the plan and its accounts, rather than

directly for the individual participants."). Additionally, "because Defendants' alleged conduct was uniform with respect to each participant, adjudicating Plaintiffs' claims, as a practical matter, would dispose of the interests of the other participants or substantially impair or impede their ability to protect their interests." *Jacobs v. Verizon Comm's Inc.*, 2020 WL 4601243, at *14 (S.D.N.Y. June 1, 2020), *R. & R. adopted*, 2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020) (internal alteration omitted) (quoting *Moreno v. Deutsche Bank*, 2017 WL 3868803, at *8 (S.D.N.Y. September 5, 2017)). Here, "the shared character of rights claimed or relief awarded entails that any individual adjudication by a class member disposes of, or substantially affects the interests of absent class members . . . [as] the suit involves the 'presence of property which call[s] for . . . management." *Ortiz*, 527 U.S. at 834 (internal quotation and alteration omitted); *see also Tatum*, 254 F.R.D. at 67 ("due to ERISA's distinctive representative capacity and remedial provisions, class treatment under Rule 23(b)(1)(B) is appropriate" (citations and quotations omitted)). Defendants' conduct was directed at the Plan as a whole, rather than individual participants; accordingly, "any judgment on Defendants' liability would necessarily affect the determination of any claim for [] relief for this same conduct brought by other Plan participants in any concurrent or future actions." *Moreno*, 2017 WL 3868803, at *8 (quoting *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678, at *8 (C.D. Cal. June 15, 2017)).

Likewise, "individual adjudications would be dispositive of the interests of the other participants not parties to the individual adjudications, because the claims concern the same actions in managing the Plan and because damages are owed to the Plan as a whole and not individual plaintiffs." *Id.*; *Tatum*, 254 F.R.D. at 67 ("Mr. Tatum brings his claims on behalf of the Plan and seeks recovery to the Plan. In this posture, resolution of this case 'would, as a practical matter, be dispositive of the interests of the other participants [sic] claims on behalf of the Plan.'") (quoting *Brieger v. Tellabs, Inc.*, 245 F.R.D. 345, 357 (N.D. Ill. 2007)). Accordingly, any determination of Defendants' liability will bear on the claims of all members of the Class. At bottom, because Plaintiff's "allegations are brought with respect to breaches of fiduciary duties to the Plan[] as a whole, [D]efendants' duties rise

and fall with all plaintiffs." *See In re Northrop Grumman Corp. ERISA Litig.*, 2011 WL
3505264, at *16 (C.D. Cal. Mar. 29, 2011); *see also Cunningham*, 2019 WL 275827, at *8
(same); Leber, 323 F.R.D. at 165 (same).  These are classic circumstances for certification
under either Rule 23(b)(1)(A) or Rule 23(b)(1)(B).

### C.    Miller Shah Should be Appointed as Class Counsel

In appointing Class Counsel, this Court should consider the Rule 23(g)(1)(A)
factors:

> (i) the work counsel has done in identifying or investigating potential claims
> in this action;
>
> (ii) counsel's experience in handling class actions, other complex litigation,
> and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  Proposed Class Counsel are exceedingly qualified under these
factors.  *See* Shah Decl. ¶ 5.

Class Counsel has leveraged their experience and resources to vigorously pursue
recovery on behalf of the Plan and protect the interest of all Settlement Class members,
including by comprehensively investigating the claims forming the basis of the action,
filing detailed pleadings, briefing the motion to dismiss, reviewing discovery, and
negotiating the Settlement. *Id.* ¶ 6–10.  Class Counsel have extensive experience litigating
and overseeing the administration of settlements in ERISA fiduciary breach actions, and
has ample knowledge of the applicable law.  *See id.*   In addition, Class Counsel are
experienced in ERISA litigation, and possess a thorough understanding of the factual and
legal issues involved in this action.  *See Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-
MEJ, 2015 WL 9196054, at *9 (N.D. Cal. Dec. 17, 2015) ("Settlements are entitled to 'an
initial presumption of fairness' because they are the result of arm's-length negotiations
among experienced counsel.").  Accordingly, Miller Shah should be appointed as Class

Counsel.

## II.     The Settlement Warrants Preliminary Approval

Review of a proposed class action Partial Settlement is a two-step process.  First, the court performs a preliminary review of the terms of the proposed settlement to determine whether to send notice to the class.  *See* Fed. R. Civ. P. 23(e)(1).  Second, after notice is sent to the class and a hearing is conducted, the Court determines whether to approve the settlement on a finding that it is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2). Plaintiff now simply requests that the Court preliminarily approve the Partial Settlement so that notice can be distributed to the proposed Settlement Class.  Since each aspect of the Settlement satisfies the requirements for approval, the Court should grant the Motion and enter preliminary approval.

### A.     The Settlement Should be Preliminarily Approved

"To preliminarily approve a proposed class-action settlement, Rule 23(e)(2) requires the Court to determine whether the proposed settlement is fair, reasonable, and adequate." *Urakhchin v. Allianz Asset Mgt. of Am., L.P.*, 2018 WL 3000490, at *5 (C.D. Cal. Feb. 6, 2018) (citing Fed. R. Civ. P. 23(e)(2)).  In determining whether a settlement meets these requirements, courts look to factors including the strength of the claims and defenses, the risk, expense, and complexity of continued litigation, the stage of proceedings and extent of discovery completed, and the experience and views of class counsel. *See id.*  The relative importance of these factors depends upon the unique facts and circumstances of a given case, and "[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness . . . ." *Id.* (citations and alterations omitted).  "[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (same).

Although Plaintiff will continue to litigate the Investment Claim, there would be inherent risk in continuing to litigate the Recordkeeping Claim.  The Parties have engaged

in sufficient fact discovery to date to reasonably assess the strengths and weaknesses of the Recordkeeping Claim. *See* Shah Decl. ¶ 6. If the Parties litigated the Recordkeeping Claim through trial, both parties would complete fact discovery and likely would have relied on expert testimony. *See id.* ¶ 9. In addition, Defendants would likely have filed additional dispositive and expert exclusion motions following the conclusion of expert discovery. *See id.* Trial presentations would rely on competing expert testimony and likely give way to a complex and lengthy appeal. *Id.* The Settlement is a product of an extensive arm's-length process in recognition of these risks and therefore weighs in favor of approval. *See Urakchin*, 2018 WL 3000490, at *4. "An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's length bargaining." *Viceral v. Mistras Grp., Inc.*, No. 2016 WL 5907869, at *8 (N.D. Cal. Oct. 11, 2016); *see also Slezak v. City of Palo Alto*, 2017 WL 2688224, at *5 (N.D. Cal. June 22, 2017) (finding the "likelihood of fraud or collusion [wa]s low. . . because the Settlement was reached through arm's length negotiations, facilitated by an impartial mediator."); *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019) (finding mediation facilitated by an impartial mediator and substantial negotiations provides a check against potential collusion).

"Preliminary approval is thus appropriate where 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Johnson v. Serenity Transp., Inc.*, 2021 WL 3081091, at *4 (N.D. Cal. July 21, 2021) (citation omitted); *Etter v. Allstate Ins. Co.*, 2018 WL 5761755, at *1 (N.D. Cal. May 30, 2018) (same). Class Counsel have reviewed the range of realistically achievable damages and believe the monetary and non-monetary relief provided under the Settlement represent a reasonable recovery under all of the circumstances. *See* Shah Decl. ¶ 8.

Since Class Counsel has significant experience in class action litigation generally and ERISA breach of fiduciary duty litigation in particular, and as Class Counsel conducted

1  substantial investigation of the Parties' claims and defenses and the range of potential
2  outcomes, preliminary approval is appropriate.  *See Johnson*, 2021 WL 3081091, at *4.

3  In sum, the Court should find the Partial Settlement is fair, reasonable, and adequate
4  and merits preliminary approval.

5  **B.  The Notice Plan Should be Preliminarily Approved**

6  In addition to preliminarily approving the proposed Partial Settlement, the Court
7  must approve the proposed means of notifying proposed Settlement Class members.  *See*
8  Fed. R. Civ. P. 23(e)(1)(B)(2).  Due process and Rule 23(e) do not require that each Class
9  Member receive notice, but rather that class notice must be "reasonably calculated, under
10 the circumstances, to apprise interested parties of the pendency of the action and afforded
11 them an opportunity to present their objections."  *Mullane v. Central Hanover Bank and*
12 *Trust Co.*, 339 U.S. 306, 314 (1950).  "Individual notice must be provided to those class
13 members who are identifiable through reasonable effort."  *Eisen v. Carlisle & Jacquelin*,
14 417 U.S. 156, 175 (1974).  "Notice is satisfactory if it 'generally describes the terms of the
15 settlement in sufficient detail to alert those with adverse viewpoints to investigate and to
16 come forward and be heard.'"  *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575
17 (9th Cir. 2004).

18 The Notice Plan is designed to reach the largest number of Settlement Class
19 members possible.  The Settlement Notice will be sent by email and/or first-class mail to
20 the last known address of each Settlement Class member prior to the Fairness Hearing.  *See*
21 *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) ("It is beyond
22 dispute that notice by first class mail ordinarily satisfies Rule 23(c)(2)'s requirement that
23 class members receive 'the best notice practicable under the circumstances.'").  The Notice,
24 Settlement Agreement, preliminary and final approval motions and related applications,
25 and other litigation documents will be posted on the Settlement Website, and the Settlement
26 Administrator will establish and monitor a toll-free number to field Settlement Class
27 member inquiries.  The Notice will also provide class Counsel's contact information and
28 include instructions on how to access the case docket via PACER or in person at any of the

court's locations, the date and time of the final approval hearing, and a note advising Class Members that the hearing date may change without further notice to the Class and instructions to check the settlement website or the Court's PACER site to confirm that the date has not changed.

The Notice Plan satisfies all due process considerations and meets the requirements of Rule 23(e). The Notice Plan clearly describes: (i) the terms and operation of the Settlement; (ii) the nature and extent of the Released Claims; (iii) the maximum attorneys' fees and case contribution awards that may be sought(including that Class Counsel will not separately seek and be reimbursed for any litigation expenses in connection with the prosecution of the Recordkeeping Claim); (iv) the procedure and timing for objections; and (v) subject to the Court's schedule, the date and location of the Fairness Hearing.

## C.    The Plan of Allocation Should be Preliminarily Approved

The Plan of Allocation provides recovery to members of the Settlement Class on a *pro rata* basis, with no preferential treatment for the Class Representatives or any segment of the Settlement Class. A pro rata distribution based on each class member's loss relative to that of the class as whole "has frequently been determined to be fair, adequate, and reasonable." *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *12 (N.D. Cal. Dec. 18, 2018) (collecting cases). This is substantially similar to plans approved by this Court in analogous ERISA litigation in this District and around the country. *See, e.g.*, *Terraza v. Safeway Inc.*, No. 16-cv-03994-JST, Dkt. 268 (N.D. Cal. Sept. 8, 2020) ("Settlement Scores will be determined by calculating the Class Member's year-end asset amounts in the Plan during the Class Period . . . ."); *see also Barcenas v. Rush Univ. Medical Ctr.*, No. 22-cv-00366, Dkt. 73 (N.D. Ill. Jan. 19, 2023) (approving substantially similar pro rata plan of allocation in analogous ERISA breach of fiduciary duty action). Additionally, courts within this District hold that "[a] plan of allocation need only have a reasonable, rational basis, particularly if recommended by experienced and competent counsel." *In re Nexus 6P Prods. Liab. Litig.*, 2019 WL 6622842, at *9 (N.D. Cal. Nov. 12, 2019) (citation omitted). In light of the equitable treatment of Class Members, the Court should find that

the Plan of Allocation is also fair, reasonable, and adequate.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should preliminarily approve the Settlement, Notice Plan, and Plan of Allocation, preliminarily certify the Settlement Class, and set a date for the Fairness Hearing.

A Proposed Preliminary Approval order is attached as Exhibit C to the contemporaneously filed Settlement Agreement.

Dated: September 2, 2025                 Respectfully submitted,

                                         **MILLER SHAH LLP**

                                         By: /s/ *James C. Shah*
                                               James C. Shah

                                         James C. Shah
                                         jcshah@millershah.com
                                         19712 MacArthur Blvd., Suite 222
                                         Irvine, CA 92612
                                         Telephone: (866) 540-5505
                                         Facsimile: (866) 300-7367

                                         James E. Miller
                                         jemiller@millershah.com
                                         Laurie Rubinow
                                         lrubinow@millershah.com
                                         65 Main Street
                                         Chester, CT 06412
                                         Telephone: (866) 540-5505
                                         Facsimile: (866) 300-7367

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alec J. Berin
ajberin@millershah.com
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

*Counsel for Plaintiff, the Plan, and the
Proposed Class*

1

## LOCAL RULE 7-3 STATEMENT

2       I hereby certify that counsel for the Parties conferred pursuant to Local Rule 7-3

3  and Plaintiff is authorized to represent that this Motion is unopposed.

4
                                    By: /s/ *James C. Shah*
5                                         James C. Shah

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28